IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FREDERICK MAURICE ASHMORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:21-CV-422-RAH-KFP ) |
| MEREDITH ELIZABETH SMITH, | ) ) |
| Defendant. | ) |

## RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is the pro se Complaint filed by Plaintiff Frederick Maurice Ashmore alleging claims of defamation, intentional infliction of emotional distress, and fraud against Defendant Meredith Elizabeth Smith. Doc. 1. at 2.

Federal district courts are courts of limited jurisdiction and are authorized by the United States Constitution or by statute to hear only certain types of actions. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2012). Federal courts are obligated to inquire into subject matter jurisdiction sua sponte "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Rule 12(h)(3) of the Federal Rules of Civil Procedures requires dismissal if a court at any time determines that it lacks subject matter jurisdiction.

Plaintiff alleges in the Complaint that Defendant Smith posted information on social media that tarnished the public's view of his case and from a fake account using his name; constantly texted and talked to him and his family, causing his family to bicker with him; made false reports to the jailers about him; and made social media posts for financial gain. For damages, he seeks a relief fund of $20,000 and a public apology.

Although Plaintiff used a handwritten version of the form inmates use to file complaints of constitutional violations, the Complaint asserts three state law claims: defamation, intentional infliction of emotional distress, and fraud. Based on these claims, the Complaint does not raise a question of original federal question jurisdiction that extends to "all civil actions arising under the Constitution, laws, or treaties of the United States," as required by 28 U.S.C. § 1331. Also, federal jurisdiction cannot be based on diversity of citizenship under 28 U.S.C. § 1332(a)(1) and (2), as there are no allegations that Plaintiff and Defendant are citizens of different states or that the amount in controversy exceeds $75,000.00.

For these reasons, the undersigned RECOMMENDS that this case be dismissed before service of process due to lack of subject matter jurisdiction.

Further, it is ORDERED that on or before **March 11, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 25th day of February, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE